1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NORMAN ALAN KERR,                          Case No.   2:23-cv-01148-JDP (HC)

12                  Petitioner,                 ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13          v.

14   WARDEN,

15                  Respondents.

16

17          Petitioner, a federal prisoner without counsel, brings this action pursuant to section 2241

18   and challenges a conviction that was handed down in the Middle District of North Carolina.  ECF

19   No. 1 at 1.  He brings this section 2241 action alleging both that he is actually innocent and that

20   his enhancement under section 922(g)(1) is invalid.  *Id.* at 1; ECF No. 2 at 1-2.  I recommend that

21   his petition be denied.  I will grant his application to proceed *in forma pauperis*, ECF No. 2, and

22   deny his petition for electronic filing, ECF No. 5 as moot.  Finally, petitioner has also filed a

23   motion to amend, ECF No. 6, which, after review, I construe as a motion to expedite and will also

24   deny as moot.

25          Petitioner argues that he is entitled to proceed under section 2241's "escape hatch"

26   because he is actually innocent.  ECF No. 1 at 6.  He is incorrect.  By way of background, the

27   crux of petitioner's actual innocence claim is that the jury in his conviction case handed down a

28   verdict of not guilty, and the court changed it to a guilty verdict.  *Id.* at 1.  Challenges to the

legality of a federal prisoner's conviction must be brought under section 2255 unless he can show that such a motion is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e).  Under Ninth Circuit precedent, a section 2255 motion is inadequate or ineffective only where "a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). Construed liberally, petitioner's allegation that the court changed his not guilty verdict amounts to a claim of actual innocence.  He has failed to show, however, that he has not had an unobstructed shot at presenting that claim.  Satisfaction of this element requires proof that petitioner never had an opportunity to raise his claim in either a direct appeal or subsequent section 2255 motion. *Id.* at 960.  In weighing this element, I must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.*  Petitioner's allegations indicate that he should have known about the altered verdict as soon as it was handed down.  And petitioner has not cited any intervening change in law that would excuse his failure to raise this claim previously.  I will recommend this action be dismissed.  This dismissal does not preclude petitioner from filing a section 2255 motion in the district of conviction.

Accordingly, it is ORDERED that:

1.  Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Petitioner's petition for electronic filing, ECF No. 5, and motion for leave to amend, ECF No. 6, are DENIED.

3.  The Clerk of Court is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the petition, ECF No. 1, be DISMISSED without leave to amend as improperly brought under section 2241.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 18, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3